CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 0 6 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KEVIN C. UMPHREYVILLE, ) | |
| ) | |
| Plaintiff. ) | Civil Action No. 5:07CV00096 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CHARLES W. GITTINS, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

The plaintiff, Kevin C. Umphreyville, proceeding pro se, filed this diversity action for legal malpractice against the defendant, Charles W. Gittins. The case is presently before the court on the defendant's motion to dismiss and the plaintiff's motion for judgment. For the reasons that follow, both motions will be denied.

## Background

This action stems from the defendant's representation of the plaintiff during the course of military justice proceedings at the Marine Corps Recruit Depot in Parris Island, South Carolina in 2002. The instant action is the fourth civil action that the plaintiff has filed against the defendant in connection with the same underlying facts.

The plaintiff first filed suit against the defendant in South Carolina state court in 2006. According to the defendant, the South Carolina state court dismissed the action for lack of personal jurisdiction. The plaintiff subsequently filed a legal malpractice action against the defendant in the Circuit Court of Frederick County, Virginia. By order entered April 3, 2007, the Circuit Court sustained the defendant's demurrer and dismissed the plaintiff's complaint without prejudice. In the order, the Circuit Court indicated that the plaintiff could file an amended complaint within 21 days "if he so desires."

The plaintiff did not file an amended complaint. Instead, the plaintiff filed a new action against the defendant in the Circuit Court of Frederick County, as well as the instant action in federal court.[1]

The defendant subsequently moved to dismiss the instant action, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis of res judicata. To support his motion, the defendant submitted a copy of the motion for judgment filed by the plaintiff in the first Circuit Court action, as well as the dismissal order entered by the Circuit Court on April 3, 2007.

The plaintiff filed several briefs in opposition to the defendant's motion, as well as a "motion for judgment." The court held a hearing on the parties' motions on December 16, 2008. The motions are now ripe for review.

## Defendant's Motion to Dismiss

### I. Standard of Review

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When reviewing a complaint under Rule 12(b)(6), the court must "accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).

---

[1] On August 22, 2008, the Circuit Court granted the plaintiff's motion to nonsuit the second Circuit Court action over the defendant's objection. The defendant had objected to the plaintiff's motion to nonsuit on the ground that the second Circuit Court action was barred by the doctrine of res judicata.

2

Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." Id. at 1965.

II. **Discussion**

In moving to dismiss the plaintiff's complaint, the defendant argues that the plaintiff's claims are barred by the doctrine of res judicata.[2] In deciding this issue, the court must look to Virginia law. See Greengael, LC v. Bd. of Supervisors, No. 07-1878, 2008 U.S. App. LEXIS 19218, at *4-5 (4th Cir. Sept. 5, 2008) ("The Full Faith and Credit Act, 28 U.S.C. § 1738 (2000), requires federal courts to apply state res judicata law to determine the preclusive effects of a state court judgment.").

Under Virginia law, "the doctrine of res judicata precludes parties from relitigating the same cause of action when a valid, final judgment was previously entered." Scales v. Lewis, 541 S.E.2d 899, 901 (Va. 2001). In defining the term "final judgment," for purposes of this doctrine, the Supreme Court of Virginia has held that "a judgment of dismissal which expressly provides that it is 'with prejudice' [generally] operates as res judicata." Lambert v. Javed, 641 S.E.2d 109, 110 (Va. 2007). In contrast, "a dismissal without prejudice essentially 'stands on the same footing as a nonsuit and does not bar further action for the same cause.'" Poullath v. Rzasa, No. 2008-6551, 2008 Va. Cir. LEXIS 69, at *7 (Va. Cir. Ct. Jul. 15, 2008) (quoting Va. Concrete Co. v. Bd. of Supervisors, 91 S.E.2d 415, 419 (1956)). See also Newberry v. Ruffin, 45 S.E. 733 (Va. 1903) ("A dismissal of a suit without prejudice is no decision of a controversy on its merits,

---

[2] The court notes that the defendant also argued, in his original memorandum, that the plaintiff's complaint fails to state a claim for legal malpractice. However, the defendant did not raise this argument in his most recent memorandum or during oral argument. Nonetheless, the court is unable to conclude, on the present record, that the plaintiff's allegations are insufficient to state a claim under the applicable state law.

3

and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought.") (internal citation and quotation marks omitted). The Supreme Court of Virginia has also held that "an order that sustains a demurrer and dismisses the case if the plaintiff fails to amend his motion for judgment within a specified time becomes a final order upon the plaintiff's failure to file an amended motion within the specified time." Berean Law Group, P.C.. v. Cox, 528 S.E.2d 108, 111 (Va. 2000). See Id. at 110-111 (concluding that a dismissal order became final upon the plaintiff's failure to file an amended motion for judgment, where the order stated that "plaintiff's action against [the defendants] shall STAND DISMISSED unless on or before September 17, 1998, the plaintiff shall file an Amended Motion for Judgment").

In this case, the order entered by the Circuit Court of Frederick County on April 3, 2007 specifically stated that the plaintiff's complaint was "dismissed in its entirety WITHOUT PREJUDICE."[3] While the order also permitted the plaintiff to file an amended pleading within 21 days, the order did not specify or imply that the plaintiff's failure to file an amended pleading would result in a prejudicial dismissal. Instead, the order specifically stated that the complaint was dismissed without prejudice, "and" that the plaintiff could file an amended pleading within

---

[3] The court notes that it may consider public records, such as state court documents, when ruling on a motion to dismiss, without converting the motion into one for summary judgment. See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006) (holding that "the court's consideration of the prior judicial record did not convert Appellee's motion to dismiss into a motion for summary judgment"); Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986) ("Although this case comes to us on a motion to dismiss . . . we are not precluded in our review of the complaint from taking judicial notice of items in the public record.").

4

21 days "if he so desires." Thus, if anything, the order implied that the plaintiff retained the right to renew his claims in either a timely amended complaint or an entirely new action.[4]

Based on the foregoing, the court concludes that the dismissal of the plaintiff's first Circuit Court action was without prejudice to the merits of the claims asserted, and thus, that this action is not barred by the doctrine of res judicata. Accordingly, the defendant's motion to dismiss will be denied.

## Plaintiff's Motion for Judgment

As previously stated, the plaintiff filed several briefs in opposition to the defendant's motion to dismiss, as well as a "motion for judgment." To the extent the plaintiff's motion is one for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the motion is inappropriate since the defendant has not filed an answer to the complaint, and thus, the pleadings are not closed. To the extent the plaintiff's motion is one for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, the motion must be denied, since the court is unable to conclude, at this stage of the litigation, that there is no genuine issue of material fact and that the plaintiff is entitled to judgment as a matter of law.

---

[4] Thus, the court notes that the order entered by the Circuit Court on April 3, 2007 is clearly distinguishable from the order at issue in Berean Law Group, P.C., supra. Likewise, the relevant facts in this case are clearly distinguishable from those in Turpin v. Lyle, 377 F. Supp. 170 (W.D. Va. 1974) (Dalton, J.), another case cited by the defendant, in which this court granted a motion to dismiss on the ground of res judicata. In Turpin, the state court sustained a demurrer and gave the plaintiffs thirty days in which to file an amended motion for judgment. Turpin, 377 F. Supp. at 171. Instead of filing an amended motion for judgment, plaintiffs' counsel sent the state court a letter advising that the plaintiffs had no intention of filing an amended motion for judgment, and that they understood that the "order sustaining the demurrer will become a final order in this action." Id. at 171-172. Upon receipt of the letter, the state court entered another order which "dismissed" and "ended" the action. Id. at 172.

5

## Conclusion

For the reasons stated, the court will deny the defendant's motion to dismiss and the plaintiff's motion for judgment. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

ENTER: This 5th day of January, 2009.

/s/ Glen Conrad
United States District Judge

6

Case 5:07-cv-00096-GEC-BWC    Document 28    Filed 01/06/09    Page 6 of 6    Pageid#: 331